## Holt Lumber Company *v.* Givens.

### Assumpsit.

(Decided April 6, 1915. Rehearing denied June 30, 1916.
72 South. 257.)

1. **Sales; Warranty; Evidence.**—Where an express warranty of the quality of the logs was established in an action for a breach of warranty in the sale of the logs, an implied warranty could not be invoked.

2. **Witnesses; Impeachment; Showing.**—While an absent witness may be impeached by proof of bad character, he cannot be impeached by proof of contradicted statements made in a showing for him, to effect a continuance, although such showing had been admitted by the opposite party, since the necessary predicate could not and cannot be laid.

3. **Appeal and Error; Review; Objections.**—Where evidence has been admitted, the trial court will not be reversed unless an appropriate ground of objection is made at the trial, or unless the evidence is plainly and palpably illegal.

APPEAL from Mobile Law and Equity Court.

Heard before HON. SAFFOLD BERNEY.

Action by the Holt Lumber Company, against Mrs. I. N. Givens, for deceit in the sale of logs and for breach of warranty. Judgment for defendant and plaintiff appeals. Affirmed.

Transferred from Court of Appeals.

The evidence tended to show that T. E. Broussard, as the agent of Mrs. Givens, carried to the Holt Lumber Company specifications for rafts Nos. 1 to 7, inclusive, made by Hector Smith and R. E. Grimes, and received from the Holt Lumber Company a check for $3,650, after a submission of the offer made by the Holt Lumber Company to Mrs. Givens, and the contention is that a number of the logs were red-hearted and worthless. Plaintiff offered to show that, when a man is engaged in the log business, it was understood that, where the specifications offered to a purchaser showed a certain number of defective logs, the other logs listed on the specifications were represented as being sound logs. Plaintiff also offered to show a custom during the month of February, 1914, among dealers in logs in that port as to whether or not any shortage or defect in rafts of logs not shown by the specification would be made good by the seller.

[Holt Lumber Company v. Givens.]

The following charges were refused to plaintiff: (6) The court charges the jury that where goods were sold by description, and without opportunity for inspection before purchase, there is ordinarily an implied warranty, not only that the goods conformed to the description of the kind and specie, but also that they are merchantable and free from any unmarketable defect. (7) The court charges the jury that, where any commodity is sold without any express agreement as to quality, the vendor is nevertheless required to supply a merchantable article.

STEVENS, McCORVEY & McLEOD, for appellant. GORDON & EDINGTON, for appellee.

ANDERSON, C. J.— (1) The only object in attempting to show the custom prevailing as to specifications in the sale of logs was to establish an implied warranty that all the logs, other than those designated as unsound in the specification furnished the plaintiff, were sound. Whether the trial court did or did not err in excluding this evidence matters not, for, if error, it was rendered innocuous to the plaintiff by the subsequent undisputed evidence of Broussard, who admitted an express warranty as to all the logs, except the 26 mentioned in the specification as red-hearted, the witness said: "I did tell Mr. Holt that the logs were all right except 26 red-hearted ones." The undisputed evidence having established an express warranty as to all logs, other than the 26 red-hearted ones, there was no place for an implied warranty which can only be invoked in the absence of an express warranty.

There was no error in refusing plaintiff's requested charges 6 and 7. Whether correct statements of law or not, they were inapt as to the case at bar where an express warranty was shown.

(2) The only relevancy or pertinency of the statement of Smith to Holt, to the effect that the inspection was made by negroes and he signed the specifications, was to discredit Smith as a witness who had testified, by a showing, that he inspected the logs and that the specifications were correct. There was no predicate laid for this statement, and the plaintiff by admitting the showing disarmed itself of the right to contradict the same by statements and declarations of the absent witness. When a showing has been introduced for an absent witness, the opposite party may impeach the witness by proof of bad character, but

this does not extend to an impeachment by proof of contradictory statements; the reason for this being that the necessary predicate cannot be laid.—*Gregory v. State,* 140 Ala. 16, 37 South. 259.

(3) It matters not upon what ground this evidence was excluded, for the action of the court in doing so will not be reversed, but the rule is different when the evidence is admitted; there the trial court will not be reversed unless an appropriate ground of objection was made, or unless the evidence was plainly and palpably illegal.

We do not discuss the other assignments of error, but it is sufficient to say that the trial court committed no reversible error and the judgment must be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.