(78 South. 955)

ALLEN v. STRADFORD. (6 Div. 747.)

(Supreme Court of Alabama. April 18, 1918. Rehearing Denied May 30, 1918.)

1. BROKERS 50—RIGHT TO COMPENSATION—PLEADING.

Contract with a broker to pay commission for securing loan, "if within —— days" after application for the loan was approved and customer furnished an abstract, the broker should be ready to complete the loan, required that the broker be ready to complete the loan within a reasonable time after the abstract was furnished.

2. EXECUTORS AND ADMINISTRATORS 221(1)—BROKERS—RIGHT TO COMPENSATION—PRESUMPTIONS.

Where broker alleged that a customer, since deceased, agreed to pay commission for securing loan if the broker, after giving notice of acceptance of the loan and receiving from the customer an abstract, should make the loan within a reasonable time thereafter, notice to deceased of acceptance of the loan should be presumed from the fact that deceased furnished the abstract.

3. EXECUTORS AND ADMINISTRATORS 202(1)—PERFORMANCE—DEATH OF PRINCIPAL.

Where broker, having agreed to procure loan for commission, procured one who was ready, able, and willing to make the loan, and so notified his customer, the fact that the customer died before the notice reached him did not release his estate from the payment of the compensation, in the absence of provision in the contract to that effect.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Assumpsit by D. F. Allen against Mrs. George Ella Stradford as administratrix. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals, under section 6, Acts 1911, p. 450. Reversed and remanded.

The plaintiff, a broker, sues for compensation for procuring a loan for defendant's intestate. Counts 1 and 2 are for money due on account, and for work and labor done; count 3 declares upon a written agreement signed by the intestate, by which he authorized plaintiff to procure for him a loan of $2,850, at 7 per cent. on certain real estate, stipulating in material parts as follows:

"I agree to furnish you at my own expense, a satisfactory abstract of title as soon as you have advised me of the approval of my application for the loan applied for, and if within * * * days thereafter you shall be ready to complete said loan, I agree to pay you for services rendered in that behalf, the sum of $142.50. * * * I also agree to pay for the expense of the examination of abstract, and preparation of papers by an attorney to be selected by you for that purpose, the sum of $——."

The count alleges that a breach of the contract that plaintiff did procure said loan for said Stradford pursuant to the terms of said written agreement by finding a person who was ready, able, and willing to make the said loan; * * * and that the funds for the purpose of making said loan were actually sent to the attorney, who was to pass on the title for lender at Birmingham, Ala.; and that the agreed compensation has never been paid. Demurrers were sustained to said count, and it was amended by adding the following:

"Plaintiff further avers that he secured said loan for said Stradford in the sum of $2,850, within a reasonable time after the date of said contract, to wit, within four days thereafter, and plaintiff advised or informed said Stradford, or said Stradford otherwise had knowledge of the approval of his application for the loan applied for on or before December 11, 1915, and plaintiff was ready to complete said loan within a reasonable time thereafter, to wit, on December 13, 1915."

The trial was had on the issues presented by counts 1, 2, and 3 as amended, with plea of the general issue interposed.

James A. Mitchell, of Birmingham, for appellant. Erle Pettus, of Birmingham, for appellee.

SOMERVILLE, J. [1] Count 3 of the complaint was subject to the demurrer, for want of an allegation that plaintiff was ready to complete the loan transaction within a reasonable time after defendant's intestate had furnished plaintiff with a satisfactory abstract of title. It was not enough that plaintiff had merely procured a person who was ready, willing, and able to make the loan subject to an attorney's approval of the title, unless the matter was made ready for closing within a reasonable time after the furnishing of the abstract.

As we construe the contract exhibited in evidence, plaintiff fully discharged his obligations by procuring a lender, and by having the title of the property passed upon by an attorney, so that he was ready on December 13, 1916, to complete the loan transaction with the intestate by delivering to him the amount of the loan in exchange for the intestate's note and mortgage executed in due form. All this was done by plaintiff, as we think the evidence shows without dispute.

[2] Conceding, without deciding, that it was necessary for plaintiff to allege and prove that the intestate was notified of the acceptance of his application for the loan, we think that such notice must be prima facie presumed, as matter of law, from the fact that the intestate had furnished plaintiff with an abstract of his title, which he was required to do only upon being notified of such acceptance.

[3] Having brought the transaction to the point of readiness for final completion, plaintiff was clearly entitled to claim the compensation agreed on, unless the untimely death of intestate, at 9 o'clock a. m., on December 13, 1916, the day of plaintiff's readiness, before the transaction was completed, and presumptively before the intestate was notified of plaintiff's readiness to complete it, discharged the intestate's contract with plaintiff and released intestate from the obligation to pay for the services performed

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by plaintiff. "Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive, and shall ·be capable of performing the contract, so that death or disability shall operate as a discharge." 13 C. J. 644, § 719. "The rule does not apply where the acts are of such a character that they may as well be performed by others· as by the promisor's personal representatives." Id. 645.

We think, it must be implied from the nature and purpose of the present contract that the parties did not contemplate the loss to plaintiff of his compensation, fully earned so far as his own initiative was concerned, by the accident of intestate's death before the loan was closed. Plaintiff was employed to perform a service, for which he was to be paid when he was ready to complete the loan, if so ready within a reasonable time. The failure of the intestate to be also ready, whether his failure was due to negligence, intention, or the mischance of death or other disability, cannot release him or his estate from the just obligation to pay for the services rendered at his request, in the absence of a provision in the contract to that effect. The legal reason for this is that his contract implied that he would be ready, and his obligation to pay was not conditioned on his final reception and enjoyment of the loan, but only upon plaintiff's readiness to complete it; and payment for the service rendered could as well be made by his personal representative after death as by himself if living.

We hold that the general affirmative charge, with hypothesis, should have been given for plaintiff, as requested by him in writing, and that its refusal was error which must reverse the judgment.

There was no error in the other rulings complained of.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.