(109 So. 555)
### ALLEN v. FARMER et al.   (6 Div. 838.)

(Court of Appeals of Alabama.   May 25, 1926.
Rehearing Denied Sept. 7, 1926.)

**1. Brokers ⧉63(1)—Broker who procures lender on agreed terms and within agreed time and notifies proposed borrower is entitled to commission although borrower is not able to complete transaction.**

Where broker contracts, for commission, to procure loan, if he procures lender on agreed terms and within specified time and notifies proposed borrower, he is entitled to commission although borrower may not be able to complete transaction.

**2. Brokers ⧉9.**

Contract between broker and principal may be modified by extension of time without new consideration.

---

⧉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 204.

**3. Brokers ☞88(1).**

What was reasonable time for one employing broker to procure loan to complete transaction was for jury, where determination depended on disputed facts extrinsic to contract.

**4. Brokers ☞84(1).**

Broker' suing for commission for procuring loan where time limit had been waived had burden to show that he had loan ready to be made on terms agreed within reasonable period.

**5. Brokers ☞88(2)—On conflicting evidence as to whether period for broker to complete transaction had been extended, refusing affirmative charge for broker was not error.**

Where defendant agreed that if broker procured loan within 15 days she would pay commission, and evidence was conflicting as to extension of such period for reasonable time, refusing affirmative charge for broker suing for commission was not error.

**6. Brokers ☞85(6)—Evidence relating to conversations between defendant's agent and plaintiff broker or his partner, occurring after expiration of period within which plaintiff was to procure loan, held admissible.**

In action by broker on contract to pay him commission if he procured loan within 15 days, admitting evidence relating to conversations between defendant's agent and plaintiff or his partner, occurring after expiration of 15-day period, was not error, in view of fact that evidence was relevant to issues of waiver and reasonable time for defendant to complete transaction.

**7. Contracts ☞305(1).**

Party to contract may waive stipulation as to time of performance, after which other party would have reasonable time to perform.

**8. Brokers ☞84(1).**

Plaintiff suing on contract to pay him commission if he procured loan within 15 days, if he waived time limit, has burden to show readiness and ability to perform at all times during reasonable time for defendant to complete transaction.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by D. F. Allen against Florence J. Farmer and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Erle Pettus, of Birmingham, for appellant.

Evidence as to what occurred days or weeks after expiration of the 15-day period was erroneously admitted. 9 C. J. 606; American Workmen v. James, 14 Ala. App. 478, 70 So. 976. The undisputed evidence shows that plaintiff procured the loan within the time and under the terms stipulated; without more, he was entitled to his commission. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Alexander v. Smith, 180 Ala. 541, 61 So. 68; Worthington v. McGarry, 149 Ala. 251, 42 So. 988; Cook v. Forst, 116 Ala. 395,

22 So. 540. The trial court erred in its oral charge to the jury. Code 1923, 9607; White v. State, 111 Ala. 92, 21 So. 330; Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973; Allen v. Stradford, 17 Ala. App. 500, 85 So. 876; Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 So. 21; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; McFadden v. Henderson, 128 Ala. 221, 29 So. 640.

J. Reese Murray, of Birmingham, for appellees.

Parties may by mutual consent change or modify their contracts, without any new consideration. Dickey v. Vaughn, 198 Ala. 283, 73· So. 507. Where no time is fixed in the contract for performance, a reasonable time will be presumed. Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973. What is a reasonable time was for the jury.

RICE, J. Plaintiff sought by this suit to recover a commission for services in procuring a loan for defendants. There was verdict for the defendants, and from the judgment thereon plaintiff prosecutes this appeal.

Florence J. Farmer, through her husband, as agent, made written application to plaintiff for a loan of money to be secured by a mortgage on real estate owned by her and upon stipulated terms, the application containing this pertinent provision:

"I agree to furnish D. F. Allen, at my own expense, a satisfactory abstract of title as soon as he has advised me of the approval of my application for the loan applied for, and if within 15 days thereafter he shall be ready to complete said loan, I agree to pay D. F. Allen for services rendered in that behalf the sum of $300."

The application was approved, the abstract was furnished, and within the period prescribed plaintiff announced ready to complete the loan; but by reason of some outstanding indebtedness against the property defendant was not then able on her part to complete the transaction. Plaintiff insists that, these facts being proven, he was entitled to the general affirmative charge.

[1] It is settled that where a broker contracts, for a commission, to procure a loan within a specified time and upon defined terms, if he procures a lender upon such terms and within such time and notifies the proposed borrower, he is entitled to receive the agreed commission, and the fact that the borrower is not able to complete the transaction is no defense to the broker's demand for his commission. Allen v. Stradford, 201 Ala. 559, 78 So. 955, among others. But in the case at bar the defendant sought to escape liability upon the theory that the time limit was waived and that within a reasonable time she offered to accept the loan, when she was told it was no longer available.

It appears that one Gillespie was associated in some manner with the plaintiff in the business of making loans. In this case the proposed lender was Gillespie's father, and Gillespie was to receive a part of the commission contracted for by the plaintiff. Within the 15-day period defendant called upon the plaintiff in the matter of the loan. Plaintiff did not actually have the money in hand, but told plaintiff it was ready. The check covering the loan was then in the hands of Gillespie. Defendant was unable to close because of the absence of her husband, who was handling the matter for her, but, according to her testimony, asked that the loan be held for her and agreed to pay interest upon it from that date. This offer was not accepted by the plaintiff, there being some question raised about the payment in whole or in part of the commission; but, albeit reluctantly, it is clear that plaintiff agreed to hold the matter in abeyance. For some weeks negotiations pended between defendant's husband and either plaintiff or Gillespie to whom plaintiff committed the matter of closing up the loan, and the husband was earnestly besought to bring the matter to a head. It appears that defendant proposed to sell or exchange the property involved, the purchaser to assume a mortgage in the amount sought to be borrowed by the defendant; that there then existed against the property a mortgage some $3,000 in excess of the proposed loan; and that defendant was to secure this excess from some other source and thus discharge the existing mortgage. We think it clear from the evidence that plaintiff was to turn over the proposed loan to defendant only upon the contingency that defendant had the excess in hand. It in no wise appears that plaintiff or his associate Gillespie ever put defendant upon notice that strict compliance with the provision as to time would be demanded, or that any time was, after the 15-day period had expired, set or suggested by or within which the loan should be completed. The evidence is not clear as to when defendant, or her husband, announced ready to close, it being variously stated as three, four, or five weeks, or perhaps longer than that, after the expiration of the period.

[2-4] Of course, parties may modify their contracts to suit themselves. If the contract here was modified to the extent of waiving the provision as to time, such modification or waiver is binding notwithstanding no new consideration passed. Dickey v. Vaughn, 198 Ala. 285, 73 So. 507. And if the time limit was waived, the contract stood as one fixing no limit, whereupon there came into operation the legal presumption that the parties intended performance within a reasonable time. When, as here, the determination of what was a reasonable time depended upon disputed facts extrinsic to the contract, it is a question of fact for the jury. Farrow v. Sturdivant Bank, 184 Ala. 211, 63 So. 973. As an original proposition the burden was upon the plaintiff to show that he had the loan ready to be made upon the terms agreed within the 15-day period. It follows that if the time limit was waived the burden was upon him to prove his readiness to perform at any time within a reasonable period.

[5] It results from what we have said that the trial court did not err in refusing the affirmative charge for plaintiff. Whether there was a waiver of the time limit, and if so whether defendant offered to accept the loan within a reasonable time, were questions for the jury.

[6] Plaintiff assigns for error some rulings of the court on admission of evidence relating to conversations between defendant's agent and plaintiff or Gillespie, upon the ground that same occurred after the expiration of the 15-day period. In these assignments there is no merit. The evidence was relevant to the issues of waiver and reasonable time.

[7, 8] Other assignments are predicated upon excerpts from the court's oral charge. In substance these excerpts charge (a) that a party to a contract may waive a stipulation as to time after which the other party would have a reasonable time to perform; (b) that the question what was a reasonable time was one for the jury; (c) that it was for the jury to determine whether plaintiff had waived the time limit; and (d) that, if so, the burden was upon plaintiff to show readiness and ability to perform at all times during a reasonable time. In so charging the court conformed to the law as we have stated it.

No error appearing, the judgment will be here affirmed.

Affirmed.