179 So. 201

## STUMPF v. WILES.

### 8 Div. 838.

Supreme Court of Alabama.
Feb. 10, 1938.

J. D. Brown and R. B. Patton, both of Athens, for appellant.

318

McEniry & McEniry, of Bessemer, for appellee.

THOMAS, Justice.

The matters presented for review are the overruling of objections filed to the regis- ter's report and the rendition of final decree pursuant thereto.

■ The report of the register is rested upon oral evidence before that official. The rule that obtains as to such finding on appeal is stated in Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Garrett et al. v. Snowden, 226 Ala. 30, 145 So. 493, 87 A.L.R. 216; that is, such finding is accorded the weight of a verdict of a jury, and will not be disturbed unless the court, on review, is convinced that it is palpably and plainly wrong. Ex parte Harris, 228 Ala. 88, 152 So. 449; Patterson v. Lovelady, 233 Ala. 554, 172 So. 646; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.

■ Subject to the general requirements of good faith and reasonable prudence, the personal representative may employ an attorney for advice and representation in legal matters and advice in management of an estate or trust funds— in performance of legal services which the personal representative cannot undertake—and may pay for and be allowed credit for such reasonable attorney's fees on settlement of the estate. Frazer, as Guardian, etc., v. First National Bank of Mobile, Ala.Sup., 178 So. 441[1]; Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450; Dent v. Foy, 214 Ala. 243, 107 So. 210; Brake v. Graham, 214 Ala. 10, 106 So. 188. In such matters the court may fix compensation in such sum as it deems just and right under controverted facts as to the services rendered by attorneys.

■ It is further declared that previous settlements of administrator and decrees thereon are presumed to be correct under the statute that obtains. The onus of showing error is on one with an interest in first settlement to overcome the presumption of veracity. Code, § 5918; Dickie v. Dickie, 80 Ala. 57; Eubank v. Clark, 78 Ala. 73; Black v. Morgan, 227 Ala. 327, 149 So. 845; Walsh v. Walsh, 231 Ala. 305, 164 So. 822.

■ It is further established that a personal representative has the right to deposit funds in a representative capacity in a bank of good reputation, and in so exercising a reasonable judgment in that behalf is not responsible for its loss by failure of the bank. Walsh v. Walsh, 231 Ala. 305,

[1] Ante, p. 252.

164 So. 822; King v. Porter, 230 Ala. 112, 160 So. 101.

The record shows that the attorneys for administrator made partial settlements; that the administrator had to resist motions for removal and a claim for $5,000 against the estate; that the administrator collected and distributed about $11,275.24; and that the settlement was held open for collection of mortgages and ascertainment of distributees. The sums allowed the administrator were within the amount fixed by the statute. Code, § 5923.

There is dispute in the testimony as to what was a reasonable attorney's fee to be allowed counsel last representing the personal representative. Under the rule and the presumptions that obtain as to sustaining objections to the report of a register and its confirmation by the trial court, we cannot say there was error to reversal as to the allowance of reasonable compensation to counsel for the personal representative. Dent v. Foy, 214 Ala. 243, 107 So. 210.

It may be said that the attorney for the administrator filed petition for distribution, answered citation to report on different occasions, represented the administrator in making such report, rendered services as to trust funds that were caught in a closed bank, represented him in the settlement of right of way with the government over mortgaged premises, made effort for collection of mortgages, advised the administrator as to distribution from time to time, and made final settlement.

It may be further observed that the delay in the collection of the mortgages and the loss incident thereto are explained by the fact that such loans were made on what later appeared to be inflated values and that the loss incident thereto was not due to any lack of diligence on the part of the administrator or of his counsel.

Under the rule that obtains (Bidwell v. Johnson, 195 Ala. 547, 70 So. 685), we cannot reverse the finding of the register and confirmation thereof by the trial court. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

