## In re ADKINS' ESTATE.

197 So. 19

### 6 Div. 568.

Supreme Court of Alabama.

May 16, 1940.

Rehearing Denied June 29, 1940.

H. M. Powell, of Birmingham, for appellant.

Harsh, Harsh & Hare, Oliver Henderson, and Mead & Moebes, all of Birmingham, for appellees.

cree in these respects as they are subject to re-examination on the hearing of the application for final settlement of the estate.

For the error noted the decree of the circuit court is reversed.

Reversed and remanded.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.

BROWN, Justice.

This appeal is from an interlocutory decree of the circuit court of Jefferson County, sitting in equity, in the matter of the administration of the estate of J. R. Adkins, deceased, overruling the exceptions of the administrator to the report of the register, auditing and stating the administrator's account on a partial settlement. The appeal is authorized by and is within the provisions of § 6087 of the Code 1923.

We are of opinion that the circuit court erred in confirming the report of the register in so far as it charged the administrator with "rent on store-house in Dolomite from November, 1935, to February, 1939—39 months at $15.00, a total of $585.00," and "interest on $585.00," $60.52. There was a pending petition for the confirmation of a sale of the property made in 1935, and the evidence shows that the purchaser had expended a large sum, comparatively, in the improvement of the property increasing its value much above its value when the tentative sale was made. There is no evidence of bad faith either on the part of the administrator or the purchaser. The effect of confirming this charge is to mulct the administrator in damage and garner into the estate the property in its improved condition to the detriment of the purchaser. This is inequitable. The sale, if the price agreed to be paid for the property in its then condition was reasonably fair, should be confirmed by the court, and the purchaser should be charged with interest on the purchase money according to the contract rate, and the property charged with a lien for the full payment of the purchase money.

We have examined the other matters complained of and are not able to affirm error therein, but we do not affirm the de-