60 So.2d 343

## WILKERSON v. WILKERSON.
### 4 Div. 684.

Supreme Court of Alabama.
Aug. 27, 1952.

Alto V. Lee, III, and Huey D. McInish, Dothan, for appellant.

634

J. N. Mullins, Dothan, for appellee.

LAWSON, Justice.

This is an appeal from a decree on partial settlement in the matter of the administration of the estate of Ellis Walter Wilkerson, deceased, entered by the circuit court of Houston County, in equity, to which court the administration of said estate had been removed. The appeal is authorized by and within the provisions of § 763, Title 7, and § 315, Title 61, Code 1940. See In re Adkins' Estate, 240 Ala. 103, 197 So. 19. The provisions of law now codified as § 763, Title 7, supra, seem to have been overlooked in the case of Cunningham v. Cunningham, 215 Ala. 484, 111 So. 208. In Black v. Morgan, 227 Ala. 327, 149 So. 845, and Walsh v. Walsh, 231 Ala. 305, 164 So. 822, we followed the holding in the Cunningham case to the effect that rulings made on partial settlement are not subject to review by appeal except on appeal after final settlement. The three cases last cited were decided prior to the effective date of the provisions now codified as § 315, Title 61, Code 1940.

The matters presented for review are the overruling of objections and exceptions filed by appellant to the report made for partial settlement by appellee, the executor. Appellant and appellee are sons of testator and beneficiaries under his will.

■ It is contended that the trial court erred in allowing appellee any commissions for his services. The sum allowed is not in excess of the amount fixed by statute. § 377, Title 51, Code 1940. Appellant insists that appellee has forfeited his right to any compensation because of willful default and gross negligence, which has occasioned loss to the estate. Webb v. Webb, 250 Ala. 194, 33 So.2d 909. We cannot agree. The facts in this case as they bear on the point now under consideration are altogether different from those presented in the Webb case, supra. Appellee did fail to keep proper records and perhaps misconceived his duties and powers under the will in some respects. However, we do not think this record shows that such conduct has resulted in loss to the estate. We deem it sufficient to say that we have examined the record in connection with appellant's objections to the conduct of the executor, which he contends furnishes evidence of neglect and malfeasance, and are unable to bring our minds to the conclusion that the executor, appellee, was guilty of willful default or gross negligence in the discharge of his duties so as to justify the court in denying to him all compensation. Gould v. Hayes, 19 Ala. 438; Black v. Morgan, supra.

■ It is next contended that the trial court erred in allowing the appellee credit for attorney's fees in the sum of $250. In Webb v. Webb, supra, we said in substance that an estate should not be charged with payment of attorney's fees for services rendered an executor, which services were occasioned by the gross negligence, willful default and conversions of the executor.

We do not think the conduct of appellee has in any wise resulted in the payment of attorney's fees in an amount in excess of that which would have been a reasonable fee in the event the appellee had kept his books and records in the proper manner. The charge for attorney's fee seems to have been reasonable under all the circumstances and we hold that it was properly allowed by the trial court. Pinckard's Distributees v. Pinckard's Administrators, 24 Ala. 250.

■ Testator at the time of his death owned an automobile. It came into the possession of the executor, appellee. He

purchased a license tag and expended approximately $215 for repairs, the cost of which he charged to the estate.

Appellant contends that the trial court erred in allowing appellee credit for such expenditures. It is stated in brief filed here on behalf of appellant that the evidence shows that at the time those expenditures were made appellee was using the automobile for his individual purposes and that he admitted that such use was improper. We have examined the record with considerable care and can find no support for such assertions. On the contrary, there are tendencies of the evidence going to show that at the time such expenditures were made the automobile was being used by appellee in connection with his duties as executor. Moreover, the evidence is sufficient to justify a finding that the value of the automobile was enhanced to the full extent of the expenditures made thereon. Under such circumstances we do not think the trial court erred in allowing appellee credit for such expenditures. Pinckard's Distributees v. Pinckard's Administrators, supra.

Some time thereafter appellee purchased the automobile from the estate and his report for partial settlement shows that he charged himself therefor the sum of $600.

Appellant questioned this transaction in two respects: first, that under the terms of the will appellee was not authorized to sell the automobile at a private sale and without court authorization; and, second, that if he did have the right to sell it, he had not charged himself with the correct amount.

The trial court held that under the will appellee was authorized to sell the automobile to himself at private sale. That holding is not questioned here.

But appellant does contend that the trial court erred in its finding as to the value of the automobile at the time appellant purchased it. The trial court found that its reasonable market value at the time of purchase by appellee was $700 and ordered that appellant be charged with the additional sum of $100.

These are the facts as they relate to the question of value of the automobile: Appellant testified that he offered to buy the automobile for $850. Appellee denied that any such offer was made. It is without dispute that within a very short time after appellee purchased the automobile, he traded it in on some farming equipment and was allowed the sum of $1,050 on the purchase of such equipment. But the seller of the equipment while admitting that he allowed appellee the sum of $1,050 for the automobile, testified that he did so just to make a sale and that the reasonable cash value of the car was not more than $700.

It was on this testimony no doubt that the learned trial court based its action in ordering appellee charged with an additional $100.

We cannot agree with that conclusion. Irrespective of the fact that the purchaser from appellee stated the reasonable cash value of the car was not more than $700, the fact remains that he in effect paid appellee the sum of $1,050. The purchase by appellant and his subsequent sale to the farm implement people appears to have been practically simultaneous. Appellee, in effect, used funds of the estate for his own benefit and should be held accountable for the profit made thereon. § 304, Title 61, Code 1940. We are of the opinion that the trial court should have charged appellee with the sum of $450 as a result of the automobile transaction, rather than the sum of $100.

It results from what we have said that the decree of the trial court must be affirmed in part and in part reversed and remanded, with directions to enter a decree in accordance with the conclusion here reached.

Affirmed in part, and in part reversed and remanded with directions.

FOSTER, SIMPSON and STAKELY, JJ., concur.