133 So.2d 256

Frances J. CATES, as Guardian,

v.

John Lewis CATES, as Administrator.

7 Div. 503.

Supreme Court of Alabama.

Sept. 21, 1961.

**616**

W. H. Collier, Jr., Birmingham, for appellant.

Earl McBee, Birmingham, for appellee.

LAWSON, Justice.

Cecil W. Cates, a resident of Shelby County, died intestate on January 5, 1955. He was survived by a son, John Lewis Cates, and by an adopted daughter, Cande Cates. The latter is the daughter of Mrs. Frances Cates, the second wife of Cecil W. Cates, from whom he was divorced at the time of his death.

John Lewis Cates was appointed administrator of his father's estate by the probate court of Shelby County. The administration of the estate was removed to the Circuit Court of Shelby County, in Equity.

The administrator filed his petition for final settlement, to which Mrs. Frances Cates, as guardian of the estate of Cande Cates, interposed a contest.

On January 10, 1957, the equity court rendered a final decree on the petition for final settlement and the contest thereof.

The guardian, Mrs. Frances Cates, appealed to this court. We affirmed the decree of the trial court in part and in part reversed and remanded for further proceedings. Cates v. Cates, 268 Ala. 6, 104 So.2d 756.

Following our decree of reversal, a second trial was had in the equity court.

Mrs. Frances Cates, as guardian of the estate of Cande Cates, has appealed from the final decree which the equity court rendered following the second trial.

Cecil W. Cates was engaged in the milk hauling business for a number of years prior to his death.

At the time of his death his milk hauling equipment consisted of three truck tractors and two milk tank trailers. He had two employees, who drove the milk hauling equipment. One truck tractor was kept in reserve.

At the time of the death of Cecil Cates, his milk hauling equipment was used in the performance of two contracts which he had with Foremost Dairies, Inc., hereinafter called Foremost. One of the contracts was in writing and called for the hauling of milk from Burkeville, Alabama, to Birmingham. This contract was to expire January 1, 1957. The second contract covered the hauling of milk from Houston, Mississippi, to Birmingham. The latter contract was oral and was subject to termination at any time.

John Lewis Cates, as administrator of the estate of his deceased father, operated the milk hauling business for the benefit of the estate from the date of the death of Cecil W. Cates until the latter part of July, 1955.

On July 21, 1955, John Lewis Cates organized a corporation, the name of which was Cates Milk Hauling, Inc. The stockholders of the corporation were John Lewis Cates; Jacqueline H. Cates, his wife; and Beacon Howell, Sr., his father-in-law.

John Lewis Cates was influenced in forming the corporation by the position taken by Foremost to the effect that it was Foremost's desire to place the "temporary milk hauling arrangement * * * on a permanent basis, with contracts covering both the Alabama and Mississippi routes." Foremost also made it known that if a "corporate setup is desired it should contain a stipulation that you [John Lewis Cates] must be principal stockholder and manager and should provide for cancellation should you cease active personal management or lose corporate control."

John Lewis Cates individually and as administrator leased the aforementioned milk hauling equipment to Cates Milk Hauling, Inc., for the sum of $300 a month. In our opinion on the first appeal we mistakenly said that the rental price was $400 a month. Cates Milk Hauling, Inc., assumed the operation of the milk hauling business on August 1, 1955, although written contracts between the corporation and Foremost covering such operations were not signed until September 3, 1955.

Cates Milk Hauling, Inc., paid the rental price on the equipment for four months. Thereafter John Lewis Cates, as administrator, purported to distribute the milk hauling equipment to himself and to Cande Cates as heirs of the estate. A report of such distribution was filed in the Circuit Court of Shelby County, in Equity, on November 23, 1955. John Lewis Cates thereupon sold his one-half interest in the equipment to Cates Milk Hauling, Inc., and a bill to sell the same for division among joint owners was filed by the corporation in the Circuit Court of Jefferson County. We are not here concerned with the final disposition of that suit. Suffice it to say that the corporation, that is, Cates Milk Hauling, Inc., continued to use the equipment in the milk hauling operation up until the time of the final decree rendered on January 10, 1957.

In the decree of January 10, 1957, the trial court charged the administrator, John Lewis Cates, with the value of the milk hauling equipment taken over by the corporation which he had organized. However, the trial court did not charge the administrator with the profits realized by Cates Milk Hauling, Inc., or with the value of the contracts which Cecil Cates had with Foremost or with the good will of the decedent's milk hauling business.

On her appeal to this court from the decree of January 10, 1957, Mrs. Frances Cates, as guardian of the estate of Cande Cates, insisted that the trial court erred in failing to charge the administrator with the profits realized by Cates Milk Hauling, Inc., and in failing to charge him with the value of the contracts and good will.

We observed as follows:

"It is also well settled that when a personal representative carries on the trade or business of the decedent, he is chargeable with the use of the property and capital with interest or the profits made in carrying on the business. (Authorities cited.)

"Where the personal representative converts the business of the decedent, he is chargeable with the value of the business and the profits made during the period of conversion. * * *" 268 Ala. at pages 9–10, 104 So.2d at page 759.

Although we made those observations, we did not base our reversal of the trial court's decree on its failure to charge the administrator with the profits realized by Cates Milk Hauling, Inc.

Our reason for reversing the decree of the trial court is shown in that part of the opinion quoted below:

"The trial court seems not to have treated the milk hauling of the intestate as a business, and ignored the contracts and good will by merely determining the value of the estate to be the trucks, equipment, and personal property alone. In this we think the learned court erred. *The cause should, therefore, be reversed and remanded so that the value of the business at the time of its appropriation by the administrator for the benefit of his corporation might be appraised, and the appellant be paid her share. This will include the value of the good will and the contracts which intestate had with Foremost.*" (Emphasis supplied.) 268 Ala. at page 10, 104 So.2d at page 760.

We treated the transfer of the milk hauling business, including the equipment, as being a purchase by Cates Milk Hauling, Inc.

 We therefore concluded that the administrator should be charged with the value of the business sold to the corporation, including the contracts and good will. This treatment of the transaction eliminated the basis for charging the administrator with the profits realized by the corporation.

In the trial here under review, the trial court correctly limited the testimony to the issue concerning the value of the intangible assets of the business bought by the corporation, that is, the contracts and good will. We did not remand the cause to the trial court for the purpose of considering the profits of the corporation after it began operation of the "milk hauling business" formerly owned by the intestate, Cecil Cates.

In the decree here under review, the trial court held: "The value of said business at said time, that is August 1, 1955, including good will and contracts or contractual arrangements with Foremost is fixed at $7791.66."

There were three expert witnesses who testified orally before the trial court, two for the appellant, one for the appellee. Each expressed his opinion of the value of the business, including good will.

 The value fixed by the trial court finds ample support in the testimony of the accountant who testified on behalf of the appellee.

 We have said many times that where testimony is given ore tenus the decree of the trial court has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably wrong. Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747, and cases cited; Wilfe v. Waller, 263 Ala. 110, 81 So.2d 614.

 No good purpose can be served in setting out the evidence in this case. We are not required to do so where the decision relates only to a question of fact. Section 66, Title 13, Code 1940; Coffman v. Coffman, 263 Ala. 367, 82 So.2d 333.

The evidence has been carefully read and considered in consultation and we cannot say that the decree of the trial court is plainly and palpably wrong.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.