The plaintiff, Dick Trum, appeals from a summary judgment in favor of defendants Melvin Pierce Marine Coating, Inc.; Melvin Pierce Painting, Inc.; and Melvin Pierce, individually, in this action seeking damages for breach of contract and fraud. We affirm in part, reverse in part, and remand.
Initially, we note that a summary judgment was proper in this case only if there was no genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. In determining whether there was a genuine issue of material fact, this Court must review the evidence in a light most favorable to the plaintiff and must resolve all reasonable doubts against the defendants.Fountain v. Phillips, 404 So.2d 614 (Ala. 1981). This action was filed in May 1989; therefore, the "substantial evidence rule" is applicable. Alabama Code 1975, § 12-21-12.
With regard to his contract claim, the plaintiff alleged that he had entered into an oral contract with the defendants whereby he was to be employed for a period of four years and that the defendants had breached that contract by terminating his employment prior to the expiration of that four-year period. The trial court entered the summary judgment on the ground that the oral contract sued upon was in violation of Ala. Code 1975, § 8-9-2 (the Statute of Frauds) and, therefore, was void. We agree.
Section 8-9-2 provides that "[e]very agreement which, by its terms, is not to be performed within one year from the making thereof" is void unless it is evidenced by a writing. This Court has held that in order for an oral contract to fall outside the purview of this section, it must be an executed contract, see Scott v. Southern Coach Body Co., 280 Ala. 670,197 So.2d 775 (1967), or an executory contract subject to a reasonable possibility of performance within one year. SeeKitsos v. Mobile Gas Service Corp., 404 So.2d 40 (Ala. 1981), and Dean v. Myers, 466 So.2d 952 (Ala. 1985), holding limited byDurham v. Harbin, 530 So.2d 208 (Ala. 1988). In the present case, the plaintiff alleged, and the undisputed evidence showed, that there was no writing evidencing the terms of his employment. The plaintiff stated in his affidavit submitted in opposition to the motion for summary judgment that he had entered into an agreement with the defendants whereby he was to be employed for a period of four years. By his own admission, the plaintiff brought suit on an oral, executory contract that was incapable of performance under its terms within one year. Contrary to the plaintiff's contention, this case is distinguishable from the "employment for life" situation inKitsos v. Mobile Gas Service Corp., supra, because the contract in that case was capable of being performed under its terms if the employee had died within one year. See Dean v. Myers, supra, 466 So.2d 952 at n. 1. Had the plaintiff in the present case died in his first year of employment, the contract would have terminated prematurely; it would not have been performed. See Cates v. Cates, 268 Ala. 6, *Page 237 
10, 104 So.2d 756, 759 (1958) ("[c]ontracts resting on the skill, taste, or science of a party, i.e., those contracts wherein personal performance by the promisor is of the essence and the duty imposed can not be done as well by others as by the promisor himself, are personal and do not survive his death"). See, also, Pope v. Dickerson, 205 Ala. 594, 89 So. 24
(1921). The summary judgment on the contract claim was proper.
The plaintiff alleged the following regarding his fraud claim:
 "Plaintiff had substantial experience in the marine coating business and the defendant Melvin Pierce, while lacking such experience or contacts in the marine coating industry, wished to go into that business. Defendant Melvin Pierce sought to gain the knowledge and expertise of plaintiff by inducing him to come to work for defendants, with promises of employment until age 70.
 "Plaintiff, in reliance upon said defendants' inducements, did go to work with them and gave to defendants the benefit of his knowledge and experience which the defendants used to set up a marine coating business, but then breached its contracts and agreements with plaintiff by terminating him.
 "The inducements made by defendant Melvin Pierce to plaintiff were false and defendants had no intention of performing, but the plaintiff relied on such inducements to his detriment."[1]
The defendants contend that summary judgment was proper on the fraud claim because, they say, the claim was based upon a failure to fulfill a promise and there was no evidence tending to show that at the time the alleged promise was made they intended not to perform. We disagree.
It is true that in order for a promise to constitute a fraudulent misrepresentation, there must have been at the time the promise was made an intention not to perform, and such a promise must have been made with the intent to deceive.Clanton v. Bains Oil Co., 417 So.2d 149 (Ala. 1982). However, evidence of the requisite mental state was presented in this case. The plaintiff's affidavit, in pertinent part, reads as follows:
 "In 1988, I had some 24 years of experience in the marine coating field. I was asked by Melvin Pierce to help him set up a marine coating company and to get into the marine coating business. At that time I wished to work about four more years until age 70 and I had other prospects for employment. Melvin Pierce agreed, as far as I know on his own behalf and on behalf of his companies, to employ me, to pay me a salary and commissions, to age 70, and I agreed to work for him to age 70.
 "I went to work for Mr. Pierce and assisted him in purchasing the necessary specialized equipment to do marine coatings and tank linings, introduced him to my contacts, made calls on my contacts introducing his company, and solicit[ed] business for Melvin Pierce and Melvin Pierce Marine Coating, Inc. Mr. Pierce kept promising me a written contract but never produced such.
 "After the necessary specialized equipment had been purchase[d] from sources provided [by] me, and after Mr. Pierce and his companies had been introduced to my contacts, I was terminated, in violation of our agreement in which I was to work until at least 70 years of age.
 "I would have never gone to work with Melvin Pierce, helped him set up a business and introduced him to my customers and contacts without the specific agreement that I could work until age 70 retirement. That promise and the promise of salary and commission was the inducement upon which I relied in going to work for Melvin Pierce. At the time the agreement was made I did not know which of his companies I would be working *Page 238 
for nor the exact corporate setup, but thereafter or at about that time Melvin Pierce Marine Coating, Inc., was organized. I received my check from Melvin Pierce Marine Coating, Inc., but the promises that I would have a job until age 70 were made to me by Melvin Pierce. I was never an employee at will, but was employed with the specific understanding and agreement of employment to at least age 70. I am presently 66 years old and my termination was a violation of the agreement entered into between Melvin Pierce and myself."
As the plaintiff's affidavit shows, there was evidence before the trial court tending to show that the plaintiff had extensive experience and contacts in the marine coating business; that Melvin Pierce had asked the plaintiff for help in starting such a business; that Pierce had promised the plaintiff employment for four years and had continuously assured him that he would have a written contract, but never provided one; and that after Pierce had benefited from the plaintiff's experience and contacts, he terminated the plaintiff's employment. A jury could reasonably infer from this evidence that although Pierce promised the plaintiff employment for four years, he never intended to keep that promise. Accordingly, the summary judgment on the fraud claim was improper.
For the foregoing reasons, the summary judgment entered on the contract claim is affirmed, but the summary judgment entered on the fraud claim is reversed, and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] The defendants argue that the plaintiff failed to allege fraud with the particularity required by Rule 9(b), Ala.R.Civ.P., and, therefore, that the complaint could not support a claim for fraud. The record does not show that the defendants raised this issue in the trial court. Furthermore, we note that the plaintiff's allegations of fraud were sufficient under Rule 9(b), to state a claim for fraud. See Miller v. Mobile CountyBd. of Health, 409 So.2d 420 (Ala. 1981).