76 So.2d 506

UNITED STATES CASUALTY COMPANY, Inc.,

v.

Early WILSON.

1 Div. 603.

Supreme Court of Alabama.

Dec. 16, 1954.

Johnston, McCall & Johnston, Mobile, for appellant.

Harry Seale and Albert Seale, Mobile, for appellee.

MAYFIELD, Justice.

This is an appeal on demurrer from the Circuit Court of Mobile County, in equity. The only question presented here is the sufficiency of the complainant-appellee's bill of complaint as tested by the appellant-respondent's demurrer.

The appellant's single assignment of error—"the Circuit Court erred in overruling the respondent's, United States Casualty Company's, demurrer filed to the complainant's bill of complaint as last amended", is sufficient to present this question for review.

It is not necessary to enumerate in separate assignments, each or any, grounds of the demurrer. Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808. A demurrer is an entity of pleading. Cahaba Coal Co. v. Elliott, supra.

The appellee's complaint was drafted "pursuant to Section 12, Title 28, Code of Alabama, 1940", which section is as follows:

"§ 12. Remedy of injured party after recovering judgment.—Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The complaint, as last amended, is as follows:

"To The Honorable Judge Of Said Court, Sitting In Equity:

"Comes the Complainant in the above styled cause, and pursuant to Section 12 of Title 28, Code of Alabama, 1940, shows unto the Court the following:

"One

"On March 12, 1953, your Complainant recovered a final judgment against the Respondent, Pike Taxi Company, in the sum of Twenty-Five Thousand ($25,000.00) Dollars for damages on account of bodily injury and for medical expenses proximately caused by the negligence of the Pike Taxi Company, Inc., in the operation of a taxi cab service in the City of Mobile, Alabama, which bodily injury occurred on July 23, 1951, by reason of the accident which occurred on that date while the Complainant was riding as a passenger in a vehicle operated by the Respondent, Pike Taxi Company, on Davis Avenue, in Mobile, Alabama.

"Two

"And the Complainant further avers that on July 23, 1951, there was in full force and effect a written insurance policy issued by the Respondent United States Casualty Company to the Pike Taxi Company, for a reward, which policy is numbered 862620 and dated July 3, 1951, by the terms of which the United States Casualty Company insured the taxi cab service of the Respondent Pike Taxi Company against loss or liability by reason of bodily injury and medical payments because of such injury proximately caused by the negligence of the Pike Taxi Company in the operation of a taxi Cab service, the insured's coverage for one person being in the sum of Five Thousand ($5,000.00) Dollars; and the Complainant avers that the bodily injury and medical expenses were proximately caused by the negligence of the Pike Taxi Company, acting through its agents and servants in the line and scope of their authority and duty, in the operation of a taxi cab service in the City of Mobile, Alabama.

"Three

"Your Complainant avers that the said judgment has not been satisfied although more than thirty days have

elapsed since the date said judgment was rendered.

"Wherefore, your Complainant prays that this matter be set down for hearing, that due notice be given as provided by law, and that a money judgment be rendered against the Respondent, United States Casualty Company, in the amount of Five Thousand And NO/100 ($5,000.00) Dollars, and the Complainant prays for such other, further and different relief as he may be entitled to receive in the premises."

We glean from the overtones, if not the direct statements, of counsel's brief that the original judgment, which was the basis of this controversy, was recovered in a foreign jurisdiction. However, we are not here called upon to decide whether the factual situation in the basic case brings it within the purview of Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883, but only, does the above complaint state a cause of action under the remedial statute heretofore set out?

■ The principal insistence of the appellant in this court seems to revolve around the contention that the complaint is deficient in that it does not allege that the original judgment was recovered in the courts of this State; and, appellee's failure to allege with specificity that the nisi prius court had lost jurisdiction of the original judgment at law, to a point where it could no longer certify an appeal.

These objections, if that be the defense upon which the respondent intends to ultimately rest its defense, must be affirmatively pled. As was said in Pyle v. Pizitz, 215 Ala. 398, 110 So. 822, 825: "* * * facts cannot be assumed in order to sustain a demurrer. Defendant's suggestions should be brought to the attention of the court by pleas." (Proper Pleadings.)

The appellee unequivocally alleged in his bill of complaint: "Your Complainant recovered a *final* judgment against the Pike

Taxi Company." [Emphasis supplied.] This court has said in referring to "final judgment" and "final decision": "We think they both refer to a complete judgment by a court having jurisdiction to render it, and at a time when plaintiff in that judgment has a legal right to force its payment by such procedure as is available as though no appeal had been taken." Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 268, 54 So.2d 595, 600.

■ Appellant takes the further point that the amended complaint does not specifically allege "that the vehicle in which complainant was riding was one named in the policy of insurance." Possibly it would have been better practice to allege in the words of the statute: "* * * the defendant in such action was insured against said loss or damage at the time when the right of action arose, * * *"; but we are not prepared to say that the learned chancellor committed substantial error in overruling the appellant's demurrer directed to this condition of the bill.

The purpose of all pleading is two-fold: First, to inform the adversary party of what he will be called upon to defend; and secondly, to reduce the issues of the trial to a minimum, thereby conserving the time and energy of the courts and litigants. Pleading is the hand-maiden of justice—equity should remain the master. If the complainant heralds the issue with clarity and conciseness, so as to properly inform the adversary party with certainty and exactness the cause of his complaint and demand, and there be equity in such demand and complaint, the requirements of the first pleading are fulfilled. The bill of complaint should not be subjected to unnatural, strained and over-technical construction, otherwise pleading becomes the master and justice the slave.

The judgment on demurrer is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.