81 So.2d 343

**Albert E. HALL**

v.

**Elizabeth HALL.**

**1 Div. 627.**

Supreme Court of Alabama.

June 16, 1955.

Caffey, Gallalee & Caffey, Mobile, for appellant.

Harry Seale, Mobile, for appellee.

STAKELY, Justice.

Elizabeth Hall (appellee) filed a bill of divorce against Albert E. Hall (appellant). The only allegation as to any ground of divorce is set forth in paragraph three of the bill as follows:

"The respondent in a wild and violent manner has threatened to do violence to the complainant and she has reasonable apprehension that if she continues to live with him he will commit physical violence on her person attended with danger to her life or health."

There was a demurrer to the foregoing allegation as follows:

"1. The complaint does not allege that the apprehension arises *from* the respondent's conduct, as required by the statute.

"2. The allegation of apprehension is subjective ("she has") rather than objective ("there is"), as required by the statute."

The court overruled the demurrer and the appeal comes here from that decree.

The statute on which the complainant seeks to base her case provides as follows:

"In favor of the wife when the husband has committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence, or when the wife has lived, or shall have lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and she has bona fide resided in this state during said period." § 22, Title 34, Code of 1940.

 Upon a consideration of the questions involved we are not impressed with the position of the appellant. While the pleading should be construed against the pleader, at the same time the bill of complaint should not be subjected to over-technical construction. United States Casualty Co. v. Wilson, Ala., 76 So.2d 506. On the first point raised by the demurrer the charge of the threats and reasonable apprehension are made in the same sentence. Taking the sentence as a whole, we think that it fairly appears that the reasonable apprehension of the complainant comes from the alleged conduct of the respondent.

As to the second point raised by the demurrer if the charge had been "the complainant has apprehension" it could well be that. her apprehension might be that of an excitable woman lacking in ordinary common sense, but the pleading . charges that she has reasonable apprehension which denotes not an unfounded apprehension but on the other hand the apprehension of a reasonable person. While perhaps not exactly similar to the present situation our cases indicate the sufficiency of the pleading. Harris v. Harris, 230 Ala. 508, 162

So. 102; Harris v. Harris, 256 Ala. 192, 54 So.2d 291.

It is our judgment that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.