# 150

136 So.2d 180

**Rosalie Tabone WEATHINGTON**

v.

**Jerry M. WEATHINGTON.**

**7 Div. 566.**

Supreme Court of Alabama.

Dec. 21, 1961.

Robert H. King, Gadsden, for appellant.

Pilcher & Floyd, Gadsden, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling a demurrer. The complainant seeks a divorce under § 22, Title 34, Code 1940, as amended.

The pertinent provisions of § 22, Title 34, as amended, read:

"In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The only question for decision in this cause is whether the allegations of the bill are sufficient, against the demurrer interposed, to state a ground for divorce under the statute.

The pertinent allegations of the bill are as follows:

"Third: Your Complainant avers that, from the conduct of the Respondent toward your Complainant, there is a reasonable apprehension on his part that if he were to continue to live with the Respondent, she would commit actual acts of violence upon his person attended with danger to his life or health. That upon the occasion of their separation and prior thereto, while the parties were living together as husband and wife, the Respondent threatened to hit, beat and strike your Complainant about the head, face and body with her hands or other objects."

While these allegations are about as meager as they could be, we are of the opinion that they are sufficient under our holding in Campbell v. Campbell, 252 Ala.

487, 41 So.2d 185, as against the demurrer interposed.

However, if the evidence shows no more than a mere empty verbal threat to injure the complainant, a decree of divorce should not be entered. Campbell v. Campbell, supra; Harris v. Harris, 256 Ala. 192, 54 So.2d 291; Bailey v. Bailey, 237 Ala. 525, 187 So. 453.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.