154 So.2d 748

**Edward Crampton HARRIS, Jr.**

**v.**

**Aileen Morrow HARRIS.**

**1 Div. 61, 61A, 61B.**

Supreme Court of Alabama.

April 11, 1963.

Rehearing Denied June 20, 1963.

Robt. T. Cunningham, Cunningham & Bounds, Mobile, Marion Rushton, Rushton, Stakely & Johnston, Montgomery, for appellant.

A. J. Seale and Harry Seale, Mobile, Douglas Arant, White, Bradley, Arant, All & Rose, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a decree granting a divorce and other relief. The husband filed a bill of complaint seeking a divorce and custody of their three minor children. The wife filed a cross bill praying for a divorce, custody of the children, alimony and support for the children. After hearing evidence ore tenus, the court granted relief to the wife under her cross bill. The husband appeals.

Cases. 61A and 61B are appeals from orders other than the final decree, but they have not been argued in brief, and we are concerned only with the appeal from the final decree in Case 61.

This case was bitterly contested and is full of recriminations of each spouse against the other. The granting of the divorce presents largely a question of fact. We prefer to engage in no detailed discussion of the evidence, as it would but serve to place in bold relief this domestic unhappiness, and no useful purpose would be subserved thereby. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294; James v. James, 242 Ala. 140, 5 So.2d 616.

This is the type case where, had the trial court believed the evidence of both sides, the rule of Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484, could have been applied. However, it is apparent that more credence was given to the testimony of appellee by the trier of the facts and we apply the long established rule that where testimony is taken ore tenus before the trial court, the finding of that court is likened unto the verdict of a jury and will not be disturbed unless the decree is plain-

ly wrong. Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703; Spencer v. Spencer, 264 Ala. 196, 86 So.2d 286; Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Crittenden v. Crittenden, 256 Ala. 219, 54 So. 2d 489.

The decree of the trial court granted the divorce, awarded custody of the children to the mother, regulated visitation privileges, ordered appellant to pay $100 per month per child for the maintenance and support of the children, stated that appellant would be responsible for their medical expenses and school tuition, ordered the monthly payments for support and maintenance to be made through the Domestic Relations Division of the court, ordered the payment of $700 per month alimony to appellee, a property settlement of $17,500 in favor of appellee and the payment of a solicitors' fee of $12,000 for appellee's attorneys.

We affirm the trial court's decree in all particulars except the modifications hereinafter listed.

■ The alimony payment is reduced from $700 to $400 per month. This is in line with appellee's request for maintenance and support for herself and her children in her motion for alimony and support pendente lite where she asked for $750 per month. Also her testimony as to her needs was more in line with this figure than the total of $1,000 allowed by the trial court.

Appellant's gross income for three years averaged approximately $37,000 per year and his net income, after taxes, about $19,000 per year. Under our modification, his alimony and support payments total $8,400 per year or nearly one-half of his net income.

■ The property settlement involves two parcels of property in the joint names of the parties. One is office or clinic property for which $15,500 was paid and $18,000 worth of improvements were made and on which was a mortgage of $17,500. The other parcel was residential which was purchased for $32,500 with an indebtedness of $16,000. We think the figure of $17,500 awarded to appellee is too high and the amount is reduced to $12,000, but the provisions for the collection of this sum in the decree is retained and affirmed.

Three attorneys testified as to reasonable attorneys' fees. The amounts ranged from $7,500 to $14,000. The court allowed $12,000. We think, in view of the fact that one attorney fixed $10,000 as the maximum and a second attorney fixed the minimum and maximum at $10,000, that that figure is better supported by the evidence. The attorneys' fee in the lower court is set at $10,000.

■ Application has been made by appellee for attorneys' fees on appeal. After consideration in consultation, and in view of all the circumstances, we set the attorneys' fee on appeal at $2,000.

The decree of the trial court is modified as to the amount of alimony—$400 per month instead of $700, as to the property settlement—$12,000 instead of $17,500, as to attorneys' fees below—$10,000 instead of $12,000; and $2,000 is awarded for appellee's attorneys' fees on appeal.

Modified and affirmed; attorneys' fees allowed on appeal.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.

On Rehearing.

PER CURIAM.

Appellant raises the point that title to the jointly owned property should vest in him in the event he is able to raise the funds necessary to pay off the property settlement without a public sale by the register.

■ We are confident that the lower court would protect appellant in such eventuality, but we do direct that the property

settlement provided for in the decree shall not be paid to appellee until appellee conveys her interest in the property to appellant, or a grantee named by appellant, in the event the funds are paid over to the register without a sale of the property.

Appellant also points out that the attorneys' fee allowed in the court below would exceed fifty per cent of his income after taxes and that this would have to be paid in a lump sum. After serious consideration and consultation, we set the attorneys' fee below at $7,500 instead of $10,-000.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.