168 So.2d 611

**J. F. COLQUETT et al.**

**v.**

**Jimmy D. WILLIAMS et al.**

**4 Div. 68.**

Supreme Court of Alabama.

Oct. 8, 1964.

Rehearing Denied Nov. 19, 1964.

Albrittons & Rankin, Andalusia, for appellants.

Frank J. Tipler, Jr., Andalusia, for appellees.

PER CURIAM.

This is an appeal from a decree which dissolved a temporary injunction and dismissed the bill for injunction. This is the fourth appeal in this cause and is concerned chiefly with questions already settled in a previous opinion.

A detailed statement of the facts has already appeared in print three times in the three prior cases listed post. We are stating a mere outline of the case because all the facts and practically all the law of the case has already been written in the previous opinions.

In 1954 appellee, Jimmy D. Williams, a minor, was riding his bicycle in a westerly direction along a street in Andalusia. Appellant Wishum was driving appellant Colquett's truck on the same street in a westerly direction a few feet behind the boy on the bicycle. Herman Hair was in his parked automobile, also headed west. As the boy came abreast of Hair's car, Hair opened the left front door of his car and appellee was knocked off his bicycle in front of, or even with the truck. The rear right wheel of the truck ran over and crushed his leg.

Jimmy Williams, suing by his father as next friend, filed suit against Colquett, Wishum and Hair as joint tort feasors. Prior to trial Hair was stricken as a defendant. Trial was had and a judgment was rendered against the two remaining defendants for $12,000 on April 6, 1955. They appealed and we reversed on the ground of improper argument to the jury. Colquett v. Williams, 264 Ala. 214, 86 So. 2d 381.

But before the trial, and the day after Hair was dismissed as a defendant, appellee filed a separate suit against Hair for the same injuries. Pleas were filed the same day by Hair and still on the same day, March 29, 1955, a final judgment was entered against Hair for $8,100 as one-half the damages appellee had received.

Following our reversal of the judgment against Colquett and Wishum, the cause was retried and resulted in a judgment of $5,000 in favor of Williams on May 4, 1956, and no appeal was taken. Thus, on May 4, 1956, appellee had a judgment against Hair for $8,100 and one against Colquett and Wishum for $5,000.

In June, 1956, more than a year after the rendition of the judgment against Hair, appellee and Hair jointly requested the court to set aside the judgment for $8,100 against Hair on the ground that it was void on its face. On June 30, 1956, the trial court set the judgment aside on the ground that it was void on its face because an infant cannot, without proper sanctions of the court, enter into a contract compromising or making a proportionate settlement of a tort claim. Colquett and Wishum appealed and we affirmed, 269 Ala. 383, 113 So.2d 347, on February 12, 1959.

The instant suit was filed by appellants Colquett and Wishum on August 3, 1956, shortly after they had taken their appeal. They sought an injunction restraining Williams from collecting his judgment of $5,000 against them, and ordering the insurance company which furnished coverage for Hair's truck to pay the $8,100 judgment against Hair. They took the position that Williams was entitled to only one satisfaction and when the $8,100 judgment was paid, there could be no collection of the $5,000 judgment against them. Williams moved to dissolve the temporary injunction which the trial court entered upon presentation of the bill for injunction, and on June 10, 1960, the trial court dissolved the injunction and dismissed the bill of complaint. The decree contained this language:

"* * * This Court does not presume to hold and this decree should not be construed as a holding by this Court that the bill of complaint as amended, if filed in a new proceeding seeking a new injunction, would not be sufficient to authorize the relief sought by the complainants; * * *."

This appeal by appellants Colquett and Wishum is from the decree of June 10, 1960, and was taken on the last possible day, December 9, 1960. The appeal was

not from the order dissolving the injunction, which must be taken in thirty days, State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237, but was from the decree dismissing the bill.

But complying with the quoted suggestion in the trial court's decree, Colquett and Wishum filed "a new proceeding" against Williams on August 6, 1960, alleging that the $8,100 had been paid to Williams and asking for the same injunctive relief as in the bill that had been dismissed. Williams moved to dissolve the temporary injunction which the court issued under the new bill; the motion was overruled on October 8, 1960, and Williams appealed on October 16, 1960. It was argued and submitted in this court on March 30, 1961, and we affirmed the decree of the trial court on September 21, 1961. See Williams v. Colquett, 272 Ala. 577, 133 So.2d 364.

We note again that the appeal in the instant case was taken on December 9, 1960. It was argued and submitted in this court on November 7, 1961, *after* our decision of September 21, 1961, in Williams v. Colquett, supra.

Practically every point argued in the instant case was argued and settled in Williams v. Colquett, 272 Ala. 577, 133 So. 2d 364. We are not inclined to overrule our holding in that case.

The only real difference in the bill here and the bill in Williams v. Colquett, supra, was the original bill here did not allege that Williams had been paid the sum of $8,100 because it had not occurred at the time the bill was filed. This distinction was noted and it was described as "important" in that opinion.

We are presented with an anomalous situation. The trial court held that the original bill did not contain equity; that an amendment would have given it equity but the amendment could not relate back to the filing of the bill so as to give it equity; that the motion to strike the amendment should have been granted, but this was harmless error because the motion to

dissolve was being granted, thereby reaching the same result; and suggesting that a new bill, including the amendment, seeking a new injunction would contain equity. The new bill was filed, the preliminary injunction issued, the motion to dissolve was overruled; the case was appealed to this court and we affirmed. Williams v. Colquett, 272 Ala. 577, 133 So.2d 364. And after all this, we are requested to pass on the equity of the original bill.

■ We think it is implicit in Williams v. Colquett, supra, that this court was of the opinion that the original bill did not contain equity. The original bill was made an exhibit to the bill in that case and was "made a part of the present bill" (the new bill in the Williams case). The opinion specifically says that the "allegations of the two bills are similar with one important exception," and proceeds to point out that the original bill did not allege that Williams had been paid the $8,100 in satisfaction of the judgment, but the new bill contained such an allegation. We see no reason to repeat that discussion here.

■ We agree with the trial court that the original bill did not contain equity. It follows that the temporary injunction was improperly issued because a bill without equity will not support an injunction of any character under any circumstances. Persons v. Summers, 274 Ala. 673, 151 So. 2d 210, and cases there cited.

A later amendment, giving equity to the bill for the first time, will not support a preliminary injunction previously issued on the original bill. The rule is that, if the record shows that the complainants were not entitled to relief upon the original bill, matter which subsequently occurred, and which is averred by way of supplemental bill or amendment, does not cure the defect. Harper v. Raisin Fert. Co., 158 Ala. 329, 48 So. 589; Whitman v. Whitman, 223 Ala. 557, 137 So. 666; Thompson v. Thompson, 261 Ala. 376, 74 So.2d 419; Edelman v. Poe, 267 Ala. 387, 103 So.2d 333; Equity Rule 28, Tit. 7, Appendix, Code 1940.

Since there was no equity in the bill, the trial court did not err in dissolving the temporary injunction upon the motion to dissolve which had that as one of its grounds. Gibson v. Elba Exchange Bank, 264 Ala. 502, 88 So.2d 163, and cases there cited.

We fail to see how appellants have been adversely affected by the trial court's ruling in this cause. True, the bill was without equity, the preliminary injunction was improperly issued, then properly dissolved and the bill dismissed, but it was dismissed without prejudice; and appellants then filed a new bill seeking a new injunction which was issued, and on appeal we held that the new bill contained equity and that the trial court correctly overruled the motion to dissolve the injunction, and on that appeal we treated all the pertinent arguments made in briefs on this appeal.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.