196 So.2d 406

**Gordon R. BERRY**

**v.**

**Clara D. BERRY.**

**7 Div. 745.**

Supreme Court of Alabama.

March 9, 1967.

Roy D. McCord and J. D. Pruett, Gadsden, for appellant.

Jack Floyd, Gadsden, for appellee.

**560**

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Etowah County, in Equity, granting a divorce under Sec. 22, Title 34, Code of Alabama 1940, Recompiled Code of 1958. The pertinent provision of Sec. 22, supra, reads as follows:

"To either party in case of cruelty; to wife in case of nonsupport.—In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The two questions for decision on this appeal are (1) whether the allegations of the bill are sufficient, against the demurrer interposed, to state a ground for divorce under the statute, and (2) whether the evidence in the case was sufficient to support the decree entered by the court below.

The pertinent allegations of the bill are as follows:

"Third: That from the conduct of the Defendant toward the Plaintiff there is a reasonable apprehension on her part that if she were to continue to live with the Respondent, he would commit actual acts of violence upon her person attended with danger to her life or health. That on the occasion of their separation and prior thereto while the parties were living together as husband and wife, the defendant stated that he would hit, beat and strike your plaintiff."

While pleading should be construed against the pleader, at the same time, the bill of complaint should not be subjected to over-technical construction. United States Casualty Co. v. Wilson, 262 Ala. 32, 76 So. 2d 506.

We are of the opinion that these allegations are sufficient under our holdings in Weathington v. Weathington, 273 Ala. 150, 136 So.2d 180; Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185; Hall v. Hall, 262 Ala. 672, 81 So.2d 343.

Appellant next insists that the evidence failed to support the decree which was granted under Sec. 22, Title 34, supra.

The testimony of the appellee relative to the basis of the "apprehension" under which she labored was: (1) the appellant told her that if she took the children to her father's, there would be a killing over it; (2) on another occasion, the appellant told her that if she took the children out of the home there would be a killing over it, and at the time of the second threat, appellant had a pistol on his person which he began to pull out of his pocket; (3) on another occasion the appellant raised his hand to the appellee as if to strike her during the course of an argument.

In the case of Harris v. Harris, 230 Ala. 508, 162 So. 102, there were threats of bodily harm by the husband, and on one occasion, the husband had pointed a gun at his wife. Thereafter, he continued his threats of bodily harm for several months until the wife left the marital abode. There were no acts of actual physical violence. This court held the evidence sufficient to sustain the decree of divorce awarded the wife on the grounds of cruelty.

In the case of Ross v. Ross, 279 Ala. 50, 181 So.2d 491, the evidence showed that for a number of years there was continuous quarreling between Mr. and Mrs. Ross, ac-

companied by threats on the part of Mr. Ross, however, he never committed actual violence upon Mrs. Ross. She testified that Mr. Ross had a violent temper and she was afraid of him, and that he was highly jealous and frequently accused her of unfaithfulness. On at least one occasion, Mr. Ross went in search of his wife with a gun. Again, the court held the evidence sufficient to sustain the decree of divorce awarded the wife on the grounds of cruelty.

In the present case, we think the evidence sufficient to have warranted the chancellor's conclusion that because of the respondent's conduct the complainant was in reasonable apprehension of danger to her life or health, and, further, that legal cruelty was sufficiently established to warrant the decree. Particularly is this true in view of the presumption of correctness to be accorded the finding of the court below before whom the evidence was taken ore tenus.

The decree is due to be affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.