220 So.2d 888

**John K. TCHERNESHOFF**

v.

**Sara TCHERNESHOFF.**

**7 Div. 807.**

Supreme Court of Alabama.

March 13, 1969.

Robert B. French, Jr., Fort Payne, for appellant.

Jos. C. Kellett and Beck & Beck, Fort Payne, for appellee.

MERRILL, Justice.

This appeal is from a decree in a divorce suit which granted the wife a divorce on the ground of cruelty, gave her the custody of the two minor children, fixed visitation rights of the husband, divested the wife of any title to jointly owned real property, ordered the husband to pay $150.00 per month for the support of the children, dissolved all injunctions and restraining orders, and awarded an attorney's fee to the wife's attorney.

The appellant's argued assignments of error raise four questions, the authority of the court to issue a temporary injunction enjoining appellant from taking his children from appellee or harass her or the children during the pendency of the action, the failure to properly allege cruelty, the failure of proof even if properly alleged, and even if cruelty were proved, it was condoned.

Appellant argues that the original bill did not properly allege grounds for a divorce and therefore the bill was without equity, and cites cases holding that a bill without equity will not support an injunction of any character under any circumstances. Colquett v. Williams, 277 Ala. 240, 168 So.2d 611; Persons v. Summers, 274 Ala. 673, 151 So.2d 210.

Assuming, without deciding, that the original bill did not sufficiently allege cruelty, it also contained allegations respecting the custody of the two children of the parties.

Any pleading which shows upon its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of equity. Scott v. Scott, 247 Ala. 598, 25 So.2d 673, and cases there cited.

Regardless of our statutes relating to custody of minors, we have held that whenever the welfare of children is concerned and the jurisdiction of the court is invoked, a court of equity has an inherent power to enter a decree for their custody and support. Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867. Each of the cited cases quotes allegations from the bill which invoked the jurisdiction of the court. The allegations in the original bill were much stronger than those from the cited cases. Therefore, the original bill was not without equity insofar as the allegations respecting the custody of the children.

Another reason why the matter of the temporary injunction presented no error is because it was moot. The appeal is not from the court's action on the temporary injunction but is from the final decree dated December 15, 1967, and paragraph 5 of that decree reads:

"All injunctions and restraining orders issued by this Court during the pendency of this suit against the Respondent are hereby dissolved and removed and held for naught as of this date."

Thus, the holding of the court was favorable to appellant, did what he has requested the court to do and presented no question for review here.

The original bill was amended by adding paragraph A:

"The Respondent in a wild and violent manner has threatened to do violence to the complainant, and she has reasonable apprehension that if she continues to live with him that he will commit physical

violence on her person attended with danger to her life or health."

■ Averments that respondent committed acts of violence on complainant's person, attended with danger to complainant's life or health, or that from respondent's conduct there was reasonable apprehension of such violence, state a cause of action for divorce on the ground of cruelty under Tit. 34, § 22, Code 1940, as amended. Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Berry v. Berry, 280 Ala. 559, 196 So.2d 406, and cases there cited. The amended bill sufficiently charged cruelty. Hall v. Hall, 262 Ala. 672, 81 So.2d 343.

Appellant and appellee have good reputations in their home town of Fort Payne. They met when he was eighteen and she was twelve. They were childhood sweethearts and she never dated any other boy. They married when she was eighteen and she started this divorce action when she was twenty-seven years of age. Both parties agreed that they had trouble getting along during their nine years of married life.

There is no need to detail more of the evidence than necessary to show that it supported the decree. Some of the evidence was in conflict, but the trial court saw and heard complainant testify and evidently believed her testimony, the effect of which will be stated.

In recent months before their separation, the trouble they had been having ever since they had been married had worsened. He started being more rough with the children, spanking them more and more often. He caused the little boy to have black and blue places over his body. On one occasion, he had tried to call her at home but received a busy signal. When he came home, he asked who she had been talking to and she told him a man from the mill. "He was very mad. He took my arms and put them around where I couldn't move and told me he was going to hold me until I told him who I was talking to. I kept trying to talk to him and was telling him that he was hurting me. He got madder and madder

and held me tighter and tighter. Finally after several minutes that I had told him all that I could tell him, I told him he was choking me and if he didn't let me go something would happen, and he finally let go. Then on another occasion he want in another part of the house and lived by himself about four months without talking to me, except he would come out and eat his meals and go to work. Then on other occasions he would display angry (sic) at something I had done or something the children had done to the point that he just made it impossible for us to live there. I tried to talk to him on many occasions, and I kept trying to talk to him and reason with him. This particular Saturday night before I left on Sunday I was trying to talk to him as things had gotten worse since the incident of holding me down. He had gotten worse about the way he looked at me when he got mad, so I told him I couldn't stand to be treated like that, so he told me to leave. I told him I couldn't leave at night that I didn't have anywhere to go. He told me to leave the next morning, so I did." She testified that after the choking incident, she stayed in their home for about a month, that she slept with him and had sexual relations with him because she was afraid not to submit to him.

When appellee concluded with her evidence and rested, appellant moved to exclude the evidence, and the motion was overruled. He then amended his answer to admit the allegations of paragraph A, but alleged that the cruelty had been condoned by appellee.

Appellant then filed a cross bill charging appellee with abandonment and praying for a divorce on that ground. Evidence on behalf of the appellant was taken and the cause was submitted on December 5, 1967.

■ The only other argued matter is the question of condonation. "Condonation" in this respect here involved means the willing continuance of cohabitation, a living together in the same place, from which fact sexual intercourse may in gen-

eral be presumed. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471.

In Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281, we said:

"The mere fact that the appellee continued to live in the family home after the acts of cruelty were committed does not constitute a condonation. Tate v. Tate, 274 Ala. 350, 148 So.2d 627; Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737.

"We have held that two acts of sexual intercourse with each other during the separation of the parties does not necessarily establish condonation, where there is no intention to forgive and resume marital relations. Cox v. Cox, 267 Ala. 72, 100 So.2d 35; Campbell v. Campbell, 246 Ala. 107, 19 So.2d 354, 155 A.L.R. 130. * * *"

▮ We cannot say that under the evidence, appellant's cruelty was condoned by appellee.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.