231 So.2d 915

**J. I. COOLEY**

v.

**Evelyn COOLEY.**

**4 Div. 1.**

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

W. Ferry Calhoun, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellee.

WRIGHT, Judge.

This is an appeal from a decree of divorce granted in the Law and Equity Court of Houston County, Alabama, on January 16, 1968. The decree granted a divorce to appellee, Evelyn Cooley on the grounds of actual violence from appellant, J. I. Cooley.

The original bill of complaint was filed August 19, 1966. Demurrer to the original bill was filed and overruled. There have been numerous pleadings, hearings, petitions for rule nisi, various orders of the court pendente lite, and other activities; up until the filing of this appeal to the Supreme Court in March of 1968. The case was transferred to this Court and submitted on briefs on December 19, 1969, in accordance with Act 987 creating the Court of Civil Appeals.

The trial court heard the testimony in this case ore tenus and at length. The ground for divorce in the complaint was on what is commonly called cruelty. There was evidence by appellee that appellant had, on the night of August 14, 1966, struck her with his fist, at least twice in the face and twisted her arm and hand. The presence of resulting bruises was corroborated by other witnesses.

Appellant denied the charge and stated he had never struck appellee, but that she had a persecution complex.

There was evidence as to the income of appellant, and that the parties jointly owned a home, household furnishings and two automobiles.

The decree of the court below granted a divorce to appellee on the ground of cruelty; granted to appellee custody of a child, and ordered the payment of $80.00 per month as support for the child; granted the use of the home to appellee and the child; gave the household furnishings and an automobile to appellee as alimony in gross; directed payment of $450.00 by appellant for services of appellee's attorney, and ordered other matters not material to this appeal.

Assignment of error 1 is directed at the decree overruling appellant's demurrer to the bill of complaint. The portion charged as insufficient is as follows:

"* * * that on or about said date the defendant committed acts of violence to the person of plaintiff, attended with danger to her life and health, or from his conduct, there was reasonable apprehension of such violence; that on or about the date of their separation, the defendant beat plaintiff with his fists about her face, head and body; that he twisted her arm, severely bruising the same; that he has committed numerous assault and batteries against plaintiff during their marriage."

The averments of the complaint as here quoted are sufficient as against demurrer. These averments were laid under Title 34, Section 22, 1940 Code of Alabama, and though pleadings are construed against the pleader, they should not be subjected to overly technical construction. Berry v. Berry, 280 Ala. 559, 196 So.2d 406; Colburn v. Colburn, 265 Ala. 22, 89 So.2d 531.

Assignment of error 2 charges the decree of divorce is contrary to law, and not supported by the evidence.

We have previously related pertinent parts of the evidence of appellee, and indicated there was denial by appellant, with conflict throughout.

We can find nothing to indicate any basis for holding reversible error under this assignment.

The evidence was heard orally by the court, and is presumptively correct, especially where the evidence is in conflict. We cannot say the finding of the court is plainly and palpably wrong. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Grubb v. Teale, 265 Ala. 257, 90 So.2d 727; Berry v. Berry, supra.

Assignment of error 3 challenges the amount of $450.00 allowed as attorney's fee to appellee as excessive, and not based on the evidence. We find no error here. It is axiomatic that the trial court may grant a reasonable attorney fee to a complainant.

It has already been stated in this opinion that the prosecution of this case went on for nearly two years. There was expert testimony as to a reasonable fee at a point in the case long prior to final decree. The court is presumed to have knowledge, even without evidence, from which it may set such a fee. In the case of Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637, the Supreme Court stated the following:

"(5) We hold that when the trial court has before it the entire record and file of the proceedings of what has transpired in the case, and when it has determined that the circumstances justify an allowance of attorneys' fees, that court may, in its judicial discretion, allow such fees without proof of reasonableness, but such award is subject to review on appeal."

We cannot hold on review that the award of attorneys' fees in this case was an abuse of discretion by the court below.

Assignments of error 4, 5 and 6 relate to the granting of the divorce, after condonation of the acts of cruelty made the basis of appellee's complaint.

It is undisputed in the evidence, that after the urging of friends, and the making of promises by appellant to appellee, that appellee returned to the home of the parties on June 10, 1967, and remained in the home for some ten days. This was after the filing of the bill of complaint. There was admitted resumption of marital relations on the first night of the return of appellee. There was testimony that after appellee's return, appellant informed her that his getting her to return had been a trap and had "killed her case."

In the case of Black v. Black, 199 Ala. 228, 74 So. 338, it was stated: "* * * It is well recognized that in cases of this character condonation is always conditional. We are persuaded that at the time of the first separation the husband went to the wife for the purpose of having her return to him, and that on solemn promise on his part that she would be accorded proper treatment she was persuaded to go back with him, and that after her return these promises were not kept * * *."

Every effort toward reconciliation should be encouraged, and as between the parties good faith is vital. There was testimony that the element of good faith on the part of appellant was absent, and that his sole purpose in seeking the return of appellee was to perfect the defense of condonation to her suit for divorce. The trial judge sitting as a jury, apparently believed this testimony of appellee. We cannot, on review, hold him wrong.

Assignment of error 7 charges that the award of support for the minor child in the amount of $80.00 per month is excessive. The evidence indicated the income of appellant at $500.00 per month and above. We cannot hold that the award of support was excessive or palpably wrong. The amount of such award is within the

**464**

discretion of the trial court in the light of the surrounding circumstances. Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726; Lee v. Lee, 283 Ala. 275, 215 So.2d 718.

Assignment of error 8 presents nothing for review that has not already been covered by prior assignment, and is further insufficient under Rule 9, Supreme Court Rules.

Assignment of error 9 was abandoned in brief.

There is a motion for the allowance of an attorney's fee for defending the appeal filed by appellee in this Court. It appears that appellant has sufficient financial burdens resulting from the decree of the court below. Appellee is employed and financially able to pay this cost. The motion of appellee for an allowance for attorney's fee on appeal is hereby denied.

We find no error in the record. The decree of the court below is

Affirmed.