244 So.2d 598

**Rosa Lee COCHRANE**

v.

**Rush COCHRANE.**

**6 Div. 71.**

Court of Civil Appeals of Alabama.

Feb. 10, 1971.

Jack H. McGuire, Tuscaloosa, for appellee.

Skidmore, Skidmore & Crownover, Tuscaloosa, for appellant.

THAGARD, Presiding Judge.

The appellant in this case initiated the suit by filing in the equity division of the Circuit Court of Tuscaloosa County a bill seeking partition of real estate which she alleged was owned by herself and her husband, and appellee here, as tenants in common. By her bill, filed September 30, 1969, she also sought separate maintenance. To the bill of complaint appellee-husband filed a demurrer on October 9, 1969. Apparently the demurrer was never submitted or ruled upon. This case was designated No. 19478.

On October 15, 1969, appellee filed in the same court a bill for a divorce on the ground of statutory cruelty in which he alleged joint ownership with appellant of 75 acres of land and prayed that the court partition the real and personal property of the parties equally between the parties. This case was designated Case No. 19515. On November 20, 1969, the court made an

order consolidating the two cases for trial. The record does not disclose that either party objected to the order of consolidation.

Appellant had, on November 19, 1969, filed a demurrer to appellee's bill of complaint. When the cause came on for trial on January 20, 1970, the court verbally overruled appellant's demurrer, but apparently the ruling on the demurrer was never reduced to a formal order in writing, or recorded in the minutes of the court. Nevertheless, for the purpose of deciding this appeal we shall treat the same as if the ruling were in writing and recorded in the minutes. After the ruling from the bench on the demurrer appellant filed an answer to appellee's complaint, whereupon the testimony was taken orally before the court.

The court rendered a decree awarding appellee a divorce and partitioning the 75 acre tract between the parties in approximately equal shares. From the decree appellant-wife brings this appeal.

Appellant assigned fourteen errors but argues only three propositions, viz: (1) The court erred in overruling appellant's demurrer to the bill of complaint; (2) The court erred in holding that there was sufficient evidence before him upon which to grant a divorce; and (3) The court erred in failing to make a final disposition of the property referred to as parcel 3.

■ The thrust of appellant's argument of her proposition (1) is that the complaint failed to sufficiently charge statutory cruelty. The charging paragraph of the bill of complaint reads as follows:

"3. That about the time of the separation of Complainant and Respondent, Respondent committed actual violence upon the person of complainant attended with danger to life or health, or from Respondent's conduct there was reasonable apprehension of such violence; Respondent struck Complainant about the head, face and body."

We have carefully read the cases cited by appellant in support of her contention, but we do not think any of them is applicable.

On the other hand we think the charging paragraph hereinabove quoted is at least as cogent in charging statutory cruelty as were the charging paragraphs, approved by the Supreme Court, in Berry v. Berry, 280 Ala. 559, 196 So.2d 406, Weathington v. Weathington, 273 Ala. 150, 136 So.2d 180. Hence, we hold that the trial court did not err in overruling appellant's demurrer to appellee's complaint.

■ As to the sufficiency of the evidence to support the decree of divorce, we cannot say that there was no legal evidence to support the finding that appellant was guilty of conduct amounting to statutory cruelty nor can we say that the trial judge was plainly and palpably wrong. The conclusions of the trial judge have the force and effect of a jury verdict. Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878; Cates v. Cates, 272 Ala. 615, 133 So.2d 256. We hold, therefore, that there is no merit in the insistence of appellant that the evidence was not sufficient to support the decree of divorce.

■ We think there is merit in appellant's insistence of error in that the decree is both vague and ambiguous in its findings with reference to title to the real property and in some phases of its disposition of the same.

Firstly, the court finds by implication that the real estate is owned jointly by the parties, without a definite finding of their respective interests therein, and then proceeds to undertake a partition of the same.

The court awarded "a fee simple title in and to the following described portion or share of the property herein first above described"—then describing by metes and bounds what is referred to as Parcel 1— and by a subsequent paragraph divested from Rush Cochrane all of his title and interest, except an easement, in said Parcel 1. We think the decree should have divested from Rush Cochrane all of his un-

divided right, title, share and interest therein and vested the same in Rosa Lee Cochrane.

Furthermore, we think the awards of Parcel 2 and a life estate in Parcel 3 to Rosa Lee Cochrane would have been less ambiguous and more certain had the awarding clause appearing several paragraphs above in the decree read, "the following described parcels of the property herein first above described * * *", instead of, "the following described portion or share of the property herein first described * * *"

We think the vesting and divesting clauses as to Parcel 2 should be amended to meet the criticism made as to Parcel 1.

We surmise that the court intended as to Parcel 3 to divest from Rush Cochrane and vest in Rosa Lee Cochrane a life estate in whatever right, title, claim and interest Rush Cochrane had therein, with certain easements for water rights and pump operations and maintenance reserved to Rush Cochrane. The decree is not only silent as to what becomes of the reversionary or remainder interest, upon the death of Rosa Lee Cochrane, of the title of Rush Cochrane in and to Parcel 3, but it is also silent as to the disposition upon her death of the right, title, and interest therein which Rosa Lee Cochrane owned prior to the decree. We think the decree should be amended to correct this oversight.

We affirm the decree as to the granting of the divorce, and we approve of what we think was the intention of the court in partitioning the property, but we must reverse and remand in order that the decree may be amended to meet the deficiencies herein pointed out. If the court thinks it necessary to take additional testimony as to the title to the property, that will be in his discretion. No additional testimony should be taken with reference to the ground for the divorce.

Affirmed in part and reversed and remanded in part with directions.