274 So.2d 329

**Ruby GRANT**

v.

**J. M. GRANT.**

**Civ. 20.**

Court of Civil Appeals of Alabama.

March 7, 1973.

Alice L. Anderson, Enterprise, for appellant.

Cassady & Fuller, Enterprise, for appellee.

WRIGHT, Presiding Judge.

Upon application for rehearing—Application denied—the original opinion rendered in this case is hereby withdrawn and the following is substituted in lieu thereof.

Parties hereto had been married for over thirty years, reared two children and accumulated personal and real property of substantial quantity. The wife brought suit for divorce on the grounds of cruelty and adultery, requesting the granting to her of certain real and personal property. The husband filed cross-complaint for divorce on the ground of cruelty, requesting that all property, both real and personal be given to him.

Upon testimony ore tenus as to complaint, cross-complaint and answers thereto, the court entered its final decree. The decree denied the relief requested by the wife and granted a divorce to the husband on the ground of cruelty. The court gave to appellee all property both real and personal, divesting from appellant all title and interest therein. It gave to appellant only $5,000 from the joint bank account as alimony in gross.

Appeal from the decree was taken by the wife, appellant here.

■ Without discussion in length of the evidence as to the grounds of divorce by both parties, we hereby affirm that part of the decree granting a divorce to the husband on the ground of cruelty. The evidence as to cruelty on both sides largely came from one incident resulting in the husband being shot in the head. The testimony as to how the shooting occurred was in direct conflict. The parties were alone at the time. Physical evidence tended to support the version of the husband. Since there was a conflict in the testimony heard orally by the court, its finding from the evidence will not be disturbed on appeal. Turner v. Turner, 46 Ala.App. 350, 242 So.2d 397; Harris v. Harris, 275 Ala. 329, 154 So.2d 748.

■ It is the contention of appellant that the portion of the decree effecting a property settlement and awarding $5,000 as alimony to her is contrary to law and equity. We agree.

The testimony was without dispute that during the marriage each of the parties had worked hard and had always placed their earnings in a joint bank account. All purchases of property, real and personal, had been made from the joint account. No estate had been accumulated until the parties had returned to Enterprise, Alabama, from Florida in 1959. At that time appellant had begun work in a cotton mill and appellee had worked as a plumber and electrician. Their wages were deposited in a

joint account. A lot was purchased and a home built thereon. Each had worked in the construction of the home and funds therefor were taken from the joint account. In 1965, appellee went into the business of plumbing and electrical contractor. Again funds were taken from the joint account.

After the beginning of such business, appellant handled the bookkeeping therefor, and receipts from the business were placed in the joint account and operating costs were paid therefrom. Appellant continued to deposit her wages from her employment into the account. Income tax returns for the business showed a net operating loss since 1967 through 1971. There was no indication on the joint returns that appellee even drew wages from the business.

In spite of such losses, there was no indebtedness on the equipment purchased for use in the business, nor on the real estate. Cash was paid for three trucks and a 1971 Buick Electra automobile. An additional lot was purchased and a building erected at the rear of the home from which the business operated. Cash was paid for such lot and building.

At the time of separation there was on hand in the joint account the sum of $11,459.00. Thus, according to the income tax records, the only net taxable income was derived from the wages of appellant.

Title to the business, trucks, automobile and property on which the home and business is located is in the appellee. Appellant only had joint title with right of survivorship in the vacant lot. As stated, the bank account was joint.

At the time of separation, appellant withdrew all the funds from the bank account, but subsequently redeposited $2,000 so appellee could pay medical bills arising from treatment of his wounds.

In the decree, the court gave to appellee all the property, both real and personal, including divesting from appellant her joint title in the vacant lot. It granted to appellant only $5,000 from the joint account as alimony in gross.

We think the court erred in granting to appellee all of the real and personal property and divesting therefrom any title or interest of appellant. The evidence was without dispute that all property was accumulated through the joint efforts of the parties. There was invested in the business $4,000 derived from the sale of a house in Florida jointly owned by the parties. From the tax records, appellee had derived no income from the business since 1967. All net income was derived from the wages of appellant and it was from this income that the parties had lived, accumulated real and personal property and had $11,459.00 in the bank. Although it is difficult to conceive that so much could have come from so little, those were the facts presented.

The $5,000 given to appellant as alimony was, from the evidence, in fact her own funds, and not an allowance from the estate of the husband. However, we would not disturb such award as it could be termed a division of the account instead of alimony.

■ From the evidence and from record title appellant owned a joint interest with right of survivorship in a lot, and certainly had made substantial contribution to the acquisition of all the other property, including the business, though she had no title thereto. Under the state of the evidence, to take from her, her legal title and equitable interest would amount to giving her property to the husband. It is the duty of the husband to support the wife, and there is no authority in the court granting a divorce on the fault of the wife to take from the wife's estate and give it to the husband. To do so would, in effect, be requiring her to pay alimony. This is contrary to law. Davis v. Davis, 279 Ala. 643, 189 So.2d 158.

Therefore, in the light of the undisputed testimony, that all of the estate accumulated during the marriage was through the joint effort and financial contributions of the parties, the legal and equitable interest of the wife in such estate is to be determined from the evidence, and a division made based upon such determination. If any alimony is to be granted, it must be granted from the estate of the husband. Cochrane v. Cochrane, 46 Ala. App. 510, 244 So.2d 598; Sides v. Sides, 284 Ala. 39, 221 So.2d 677; Title 34, § 65, Code of Alabama. The granting of such alimony being a matter for the discretion of the court, even though the wife be found at fault. Title 34, § 33, Code of Alabama 1940. Waldrep v. Waldrep, 231 Ala. 390, 165 So. 235.

Though recognizing that much discretion lies in the trier of the facts in cases involving division of property in a divorce, it appears from the record in this case that all reasonable evidence as to the interest of the parties in the marital estate had been produced, and after consideration of the same, it is the opinion of this court that a fair, just and equitable division of the real and personal property jointly owned or acquired by the parties, is that the award of the business, its trucks and equipment, the Buick automobile and the vacant lot, be granted to the appellee, divesting from appellant her interest therein. The home of the parties, and the $5,000, previously granted as alimony, be given to the appellant, divesting from appellee his interest therein. Personal effects of the husband to be removed from the home and possession of said home be immediately granted to the appellant. The shop building and all business equipment located therein and used in connection therewith should be the property of appellee. Unless arrangements can be made with appellant for continued operation of the business from its present location, the building and equipment should be removed as soon as practicable as may be directed by the court.

If upon remandment, additional evidence be adduced as to an equitable division of the household furnishings, division thereof would be a matter for the discretion of the court.

It is the opinion of this court from its review of the evidence, that after more than thirty years as a wife, mother and laborer in fields, cotton mills and the home, to turn appellant out with only $5,000 of an estate of substantial value to which she has at least equally contributed, is inequitable, unfair and clearly unjust. The evidence supports a finding that she shot her husband, but the evidence also indicates at the least, that she was given deliberate provocation by her husband to believe that he was being unfaithful and having an affair with another woman. It is equally clear from the evidence that appellant is ill physically and mentally and therefore perhaps not to be held fully responsible for her acts against her husband.

It is the opinion of this court that appellant should be provided with a home and a part of her joint bank account to sustain her and to represent thirty years of hard work and frugality.

For error noted herein, the decree, except for the granting of the divorce to appellee on the ground of cruelty, is hereby reversed and the cause remanded to the trial court for entry of a decree not in conflict with this decision.

Reversed in part, affirmed in part, and remanded with directions.

BRADLEY and HOLMES, JJ., concur.