BRADLEY, Judge.
Doris Maxine Dousay Brick and Robert William Brick were married on November 10, 1975, separated on March 19, 1976, and divorced on the ground of incompatibility by order of the Circuit Court of Madison County on December 14, 1976. The trial court’s decree, besides divorcing the parties, required Mrs. Brick to pay to Mr. Brick $1,800 as a property division and property settlement. It is from this aspect of the decree that Mrs. Brick appeals to this court.
Mrs. Brick contends in her brief that requiring her to pay her former husband $1,800 is, in effect, requiring her to pay him alimony contrary to the case law of Alabama. In support of her argument she cites us to the supreme court case of Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966), and our cases of Grant v. Grant, 49 Ala.App. 559, 274 So.2d 329 (1973) and Body v. Body, 47 Ala.App. 443, 256 So.2d 184 (1971). These cases hold that in the absence of a statute so authorizing it, the wife cannot be required to pay alimony to the husband. There is no statute in Alabama authorizing the payment of alimony to the husband by the wife.
The evidence in the case at bar shows that prior to the marriage Mrs. Brick made known to her future husband that she had debts of $4,045.32, part of which was due to her purchase of an automobile. Mrs. Brick stated that Mr. Brick told her that her “troubles would be over” if she married him. Mr. Brick said he did not mean by this he would assume financial responsibility for her debts if she would marry him, but that he would teach her how to better manage her money.
After the marriage Mrs. Brick attempted unsuccessfully to borrow money in her own name to satisfy her indebtedness. Mr. Brick then borrowed $4,200 from the Red-stone Federal Credit Union; $3,600 of this loan was used to pay off Mrs. Brick’s debts.
Also shortly after the parties’ marriage they agreed to contribute to a joint check *1376 ing account, with Mrs. Brick depositing $430 a month and Mr. Brick depositing $375 a month. Out of this joint account the parties paid their household expenses and $192 per month on the loan made by Mr. Brick. Mrs. Brick says that during the short marriage she contributed almost twice as much to the joint fund as Mr. Brick. The credit union payment of $192 per month was paid out of this fund until Mr. Brick left their home and made no further contributions to the fund. At the time of the divorce $3,600.00 remained to be paid on the loan. Mr. Brick said that he was paying off, or had paid off, the loan at the credit union and that he. did not intend the payment of Mrs. Brick’s debts as a gift.
Mrs. Brick was not awarded alimony in the divorce decree nor was there a property division between the parties; it did not appear that the parties acquired any joint property during the marriage. Apparently the only commodity divided was debts, since Mrs. Brick was required to pay Mr. Brick about half of the indebtedness undertaken by Mr. Brick outstanding at the time of the separation.
The trial court’s division of debts incurred during this marriage cannot be characterized as a property division, since there was no accompanying transfer of property. Thus, this situation is distinguished from that in which a spouse is awarded the marital home and at the same time required to assume liability for any mortgage on the house. Nor was there an express agreement between the parties that both would be equally bound to satisfy the indebtedness on which Mr. Brick alone was legally obligated.
We think that the trial court’s order dividing liability for the debt of the husband between the husband and wife was, in effect, a requirement that the wife pay alimony to the husband.
In Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), our supreme court thoroughly discussed the law relating to alimony. Permanent alimony, or alimony in gross, is grounded on two basic concepts. The first is that an allowance is made from the husband to the wife in lieu of a division of the parties’ estate and is charged against the estate of the husband at the time of the divorce. See Epps v. Epps, 218 Ala. 667, 120 So. 150 (1929); Smith v. Rogers, 215 Ala. 581, 112 So. 190 (1927). The second is that an award is made from the husband to the wife for the wife’s future support and maintenance, since severance of the marital relationship relieves the husband from his duty to support his wife. The latter award may be made either from the husband’s estate at the time of the divorce or from his future estate. See Epps v. Epps, supra; Ex parte Whitehead, 179 Ala. 652, 60 So. 924 (1913).
The division of debts in the case at bar seems to fall within the first characterization of permanent alimony discussed above, as it clearly was not intended as maintenance for Mr. Brick from Mrs. Brick. Rather, it seemed intended to be a final settlement of the parties’ estate. Furthermore, since the order was that Mrs. Brick pay Mr. Brick the lump sum of $1,800, it seems that the award of necessity must be made from Mrs. Brick’s present and separate estate. Such an award of alimony from the wife to the husband is not authorized by law.
We therefore find that the trial court erred in requiring the wife to pay to the husband $1,800, and reverse this aspect of the decree. The remaining portions of the decree are affirmed. The cause is remanded to the trial court for corrections to the divorce decree in conformity with our decision.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.