EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an attorney's lien case.
Mr. Massey was' contacted by Mrs. Ford to represent the Fords as their attorney and to seek damages for personal injuries which they suffered in an automobile accident. No formal contract was executed, and they had no express agreement regarding the amount of Mr. Massey’s fee. The attorney’s office file was opened in February 1984. On January 15, 1985, Mr. Massey filed a seven page complaint in the accident case since the statute of limitations had almost run and Mrs. Ford’s recovery had not progressed to the point that the case could be settled at that time, although settlement had been discussed between Mr. Massey and an insurance adjuster on several occasions.
The Fords discharged Mr. Massey as their attorney through their letter to him dated January 18, 1985. Therein, they requested that Mr. Massey bill them for the services which he rendered in the case. The attorney responded by his letter to the Fords of January 24, 1985, whereby he requested of them an attorney’s fee of $5,000 plus $497 as expenses. The fee was based upon fifty hours of work upon the case at $100 per hour. Mrs. Ford denied owing the fee and some of the expenses. Mr. Massey filed in the trial court a request that he be permitted to withdraw as the Fords’ counsel, and through that motion he also gave notice of his claim for an attorney’s fee of $5,497.
On February 6, 1985, the trial court allowed Mr. Massey to withdraw as the Fords’ attorney. On February 4, 1985, another lawyer filed his appearance as the Fords’ new attorney. In June 1985, Mr. Massey filed his motion to establish the existence and extent of a lien for an attorney’s fee. After an ore terms hearing before the trial court, a judgment was rendered which established that Mr. Massey was entitled to a lien on any amounts recovered in the accident case in the amount of $4,000 as attorney fees and $397 as expenses, for a total award of $4,397. The Fords duly appealed and, through able counsel, raise two issues.
First, it is argued that the trial court erred in establishing an attorney’s lien in the absence of an express contract for the rendition of legal services. We cannot reach that issue, for it was not a contested matter at the trial. The Fords’ attorney admitted in open court that Mr. Massey was entitled to be compensated on a quantum meruit theory and that the Fords were not contesting expenses in the amount of $397, but were contesting $100 of the itemized expenses. In substance, it was further admitted that the only question for the trial court to decide was the amount of compensation that Mr. Massey was entitled to receive. Accordingly, that first issue argued on appeal was admitted and waived in the trial court. A case will not be reviewed on appeal on a theory which was not raised or tried in the circuit court. Kent v. Sims, 460 So.2d 144, 147 (Ala.1984); Boyd v. Sellers, 431 So.2d 1294 (Ala.Civ.App.1983). In any event, we note that a contract of employment was clearly established by even Mrs. Ford’s evidence, and, although no agreement was reached as to the amount of Mr. Massey's fee, the Fords impliedly promised to pay a reasonable fee to Mr. Massey for his professional services.
*1193 The Fords next argue that the evidence did not support the award of an attorney’s fee to Mr. Massey.
He had claimed that he expended fifty hours of his professional time upon the Fords’ case during the year that he represented them. His services consisted of the drafting and filing of the seven page complaint, the drafting of interrogatories, having numerous office conferences with Mrs. Ford, receiving telephone calls from Mrs. Ford on almost a daily or weekly basis, writing to the Fords, directing letters to physicians, contacts with an insurance adjuster, reviewing medical records, and performing other work. During the year, he developed a “very thick file,” which the trial judge examined at the trial, but which is not made a part of the record on appeal.
A practicing attorney with thirteen years experience, who charged a minimum of $100 per hour for his professional services, testified on behalf of the Fords that he had reviewed a total of eight documents, including the complaint, and that it would require approximately ten to fifteen hours to produce those documents in his opinion. However, he did not examine Mr. Massey’s file, and he did not express any opinion as to a reasonable fee based thereon. The witness did testify that, with an attorney’s file being open for a year in an automobile personal injury case, fifty hours could be either a small or a large amount of time to have been expended by an attorney, depending upon the particular case.
Mr. Massey stated that he had handled at least as many cases as the attorney who had just testified. In the past, the federal courts had paid Mr. Massey at the rate of $100 an hour. He had practiced law for ten years.
The trial court found that Mr. Massey had kept an open file on the Fords’ matter for a period of oné year before his release by his clients, that the file had been kept rather active, and that a substantial amount of time and labor had been expended in maintaining the file. Based upon those findings and upon the oral and written evidence, the trial court granted to Mr. Massey a lien in the amount of $4,000 as an attorney’s fee plus $397 for expenses.
The ore tenus rule applies. Accordingly, we must presume that the judgment of the trial court was correct and may not alter it unless it was so unsupported by the evidence as to be palpably wrong. The evidence supported the judgment of the trial court, and it was not palpably wrong. A trial court may call to its aid its own estimate of the value of legal services, and a trial court is presumed to have knowledge, even without evidence, from which it may set a reasonable attorney’s fee. Hampton v. Gulf Federal Savings & Loan Association, 287 Ala. 172, 249 So.2d 829 (1971); Cooley v. Cooley, 45 Ala.App. 461, 231 So.2d 915 (Ala.Civ.App.1970).
Additionally, we must also affirm for a different reason. It is clear that the trial court considered and had the benefit of an examination of Mr. Massey’s complete file. Since that file is not before us, we are required to presume that the missing information contained in the file was adequate to sustain the final judgment. Thompson v. McQuagge, 464 So.2d 105 (Ala.Civ.App.1985); Wagnon v. Boggs, 460 So.2d 183 (Ala.Civ.App.1984).
We affirm the final judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.